Argued May 24, decided June 6, 1911.

SCHROEDER v. BROWN & McCABE.

[116 Pac. 335.]

MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.
1. A longshoreman, working on the dock in loading lumber on a ship, injured by the offshore guy rope breaking, letting the boom with the attached lumber back on him, was under no duty to inspect such rope, so that, not having observed or had occasion to observe it, he was not guilty of contributory negligence in that respect.

MASTER AND SERVANT—FELLOW SERVANTS.
2. The one in immediate charge of the work of loading lumber on a vessel from a dock, with power to hire and discharge the hands, is not a fellow servant of a laborer placing the lumber in a sling to be hoisted, but a vice principal.

TRIAL—INSTRUCTIONS—ASSUMING FACTS.
3. An instruction assuming as a fact a certain relation, when there is evidence that such relation did not exist, is properly refused.

From Multnomah:   WILLIAM N. GATENS, Judge.

Statement by MR. JUSTICE McBRIDE.

This is an action by R. P. Schroeder to recover damages for injuries sustained on March 23, 1909, while in the employ of defendant, Brown & McCabe, a corporation.

Plaintiff, a longshoreman, was engaged with other co-employees of defendant in loading the steamship Corydon with lumber from the dock, alongside of which it was moored.  A boom was attached to the mast of the steamer, and a wire cable, running parallel with the boom, passed through a block or pulley at the end of the boom.  A detachable sling was used to place around a certain amount of lumber, and, when the lumber was in shape to be moved, the engineer operating a winch hoisted it from the dock.  The boom was steadied or held, while the load was being lifted, by guy ropes, known as the inshore and offshore guy ropes.  Plaintiff's duties consisted in working on the dock, placing lumber in the sling to be hoisted.  He and a co-laborer, after arranging a load preparatory to being hoisted, were steadying it to the edge of the dock, and the strain caused the offshore guy rope

to break. This allowed the boom to swing toward plaintiff, and the load of lumber which was being moved along the dock fell against him. The guy ropes may be reeved singly or doubly. A part of the hatchman's duty is to swing the boom around to the man on the dock. It is more difficult and consumes more time to swing the boom when the guy ropes are reeved doubly. There is some dispute as to whether the line was reeved from double to single during the progress of the work or immediately before the men commenced work, at the time of plaintiff's accident. The offshore guy rope was old and rotten and when reeved singly was incapable of standing the ordinary strain put upon it in the course of the work.

The evidence tends to show that Anderson was in immediate charge of the work with authority to hire and discharge workmen, and that he hired plaintiff and his co-employee on the dock the day before the accident. Plaintiff had judgment in the court below, and defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur & Farrell* and *Mr. Arthur M. Dibble,* with an oral argument by *Mr. Wilfred E. Farrell.*

For respondent there was a brief over the names of *Messrs. Giltner & Sewell,* with an oral argument by *Mr. R. R. Giltner.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The evidence shows that plaintiff was at work on the dock, and that the offshore guy rope broke at a place which must have been at least 30 feet distant from where he was at work. When the boom was swung over the dock, for the purpose of having attached to it the load, which it was plaintiff's duty to make up and prepare for hoisting aboard the vessel, that portion of the offshore guy rope, which was attached to the boom, would necessarily be within a few feet of plaintiff, but not in a posi-

tion to attract his attention. It was no part of his duty to inspect this rope, as it was not a thing which he was required to handle or have anything to do with in the course of his work. It was one of the appliances which it was the business and duty of the master to furnish to enable the boom to be properly handled in the course of swinging the lumber from the dock to the hatch, and it was the duty of defendant to furnish one that was reasonably safe for that purpose, and plaintiff, a laborer on the dock, was not obliged to make an inspection of the rigging of the boom to determine its soundness. He had a right to rely on the assumption that the guy rope was reasonably safe and adequate for the purpose for which it was used.

There is no evidence that plaintiff observed or had occasion to observe the defective condition of the rope, and therefore no evidence upon which an instruction as to contributory negligence on his part could be predicated. In this view of the case the instruction of the court as to contributory negligence becomes purely academic; but so far as it went it seems to be the law.

2, 3. Defendant also assigns as error the refusal of the court to give the following instructions:

"I instruct you that if the guy line in question was made single by Anderson, or any of the employees of the defendant, and that by reason of being made single, instead of double, it could not stand the strain and broke, and plaintiff was thereby injured, that your verdict must be for the defendant, as the act of Anderson or any other of defendant's employees in lengthening the rope was a detail of the work that defendant, as a matter of law, could leave to the servants to carry out."

"I instruct you that, so far as this case is concerned, Anderson was a fellow servant of plaintiff, and defendant cannot be held responsible for any negligence on the part of Anderson."

Both of these requested instructions assume as a matter of law that Anderson was a fellow servant with plain-

tiff; whereas, there is testimony standing to show that he had charge of the work with power to hire and discharge the hands and was a vice principal, and for that reason they were properly refused.

The judgment is affirmed.          AFFIRMED.